1  Your name: Maria Rheba Estante
2  Address: 2125 Sherman Drive
3  Pleasant Hill, CA  94523
4  Phone Number: 925-381-1060
5  E-mail Address: rhebaestante@yahoo.com
6  Pro se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Division [check one]: ☑ San Francisco ☐ Oakland ☐ San Jose ☐ Eureka

| Maria Rheba Estante | ) | Case Number: 17-cv-05766-SK |
| Pro Se | ) | |
| Plaintiff, | ) | **OPPOSITION TO MOTION TO DISMISS** |
| vs. | ) | |
| The City of Berkeley | ) | DATE: 1/29/2018 |
| | ) | TIME: 09:30 |
| | ) | JUDGE: Hon. Sallie Kim |
| Defendant. | ) | |

OPPOSITION TO MOTION TO DISMISS
CASE NO.: 17-cv-05766-SK                   ; PAGE 1 OF 6   [JDC TEMPLATE – rev. 2017]

# FACTUAL BACKGROUND

*[Write a short version of the facts in the Complaint. After each fact, write in the paragraph number of the Complaint where that information can be found.]*

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH PREJUDICE AND REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Maria Rheba Estante, respectfully requests that this Court reject Defendant's Motion to Dismiss Complaint with Prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(B)(1) & (6), and in support, states: The Court should reject these arguments, because Title 1 of the Americans with Disabilities Act of 1990 ("ADA") prohibits private employers, State and Local governments, employment agencies and labor unions from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment. The ADA is a Federal Law, and therefore, has jurisdiction over any Local, County, and State law or the perogatives of elected officials at the City of Berkeley or elsewhere. The City of Berkeley is a municipal government, and while sovereign within its own local boundaries, does not have the legal right to violate or defy any Federal law even within its own jurisdiction. Plaintiff respectfully requests the Court to assert the authority of Federal Law as it deems appropriate.

Plaintiff also hereby files their Memorandum opposing Defendant's Motion to Strike Plaintiff's prayer for punitive damages and injunctive relief. Defendants arguments imply that Plaintiff is not disabled, that Plaintiff is not a qualified individual with a disability, and that Plaintiff has not had an adverse employment action. On the contrary, Plaintiff, who must take two different daily thyroid medications to treat their hypothyroidism (non-Hashimotos). Plaintiff recognizes that, in Sutton v. United Airlines, Inc., 119 S.Ct. 2139 (1999), reasonable individuals could interpret and come to different conclusions as to whether Plaintiff is disabled under the ADA, the California Fair Employment and Housing Act (FEHA) states that the employment rights of people disabled by either physical or mental disorders limiting major life activities are protected. FEHA also forbids employment discrimination due to a medical condition. Thyroid disorders are a chronic medical

# ARGUMENT

*[Explain your response to each of Defendant's arguments. Go in the same order as the arguments were made in Defendant's Motion, if possible.]*

condition. The function of the thyroid gland affects the function of heart, brain, liver, kidneys and skin, which are vital organs. In their Opposition, Defendants offer no evidence that Plaintiff's job performance from September 8, 2015 to April 26, 2016 was documented for any concerns warranting disciplinary action. While California is an "At Will" State for workplace terminations, Plaintiff respectfully requests the Court to take into consideration that "At-Will" does not grant an employer the right to intimate, coerce, and verbally threaten an employee when excercising their "At Will" rights. After Plaintiff was informed by City of Berkeley employee Dr. Jennifer Wydro on April 20, 2016 that their employment was ending on April 26, 2016, Dr. Wydro stated to the Plaintiff, "I know I don't have to report you to the Board of Behavioral Sciences (BBS). I am choosing to." Given that Plaintiff had no performance evaluations from Dr. Wydro, their direct supervisor, throughout their employment, Plaintiff or any other reasonable person had no reason to doubt that Dr. Wydro's statements constituted a verbal threat with intent to carry out in action. Plaintiff contacted the Acting Human Resources Director and Assistant City Attorney Sarah Reynoso shortly after this incident, described what happened, and Ms. Reynoso arranged for Plaintiff to meet with Margharita Zamora, Manager of Employee Relations, to provide a statement of account of Dr. Wydro's conduct. Conduct that warrants scrutiny under 5 U.S. Code § 6385 and 5 U.S. Code § 6132 because after Dr. Wydro stated to Plaintiff "I know I don't have to report you to the Board of Behavioral Sciences. I am choosing to," Dr. Wydro then directed the Plaintiff to continue on with their duties for the rest of the day, of which one task was to suddenly terminate services with a client, an action that the Plaintiff did NOT want to do as it was a departure from best practices of care. It was also against the Plaintiff's will to do so. Dr. Wydro's statements implied allegations and accusations but she did not elaborate any details to Plaintiff. On face value, the statements and actions of Dr. Wydro were a Constitutional Violation of Sixth Amendment Rights. The City of Berkeley has no authority to deny or ignore an individual's Consitutional Rights or be immune from Federal law prohibiting a government employee from actions that directly or indirectly intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce, another

OPPOSITION TO MOTION TO DISMISS
CASE NO.: 17-cv-05766-SK                                      ; PAGE 3 OF 6   *[JDC TEMPLATE – rev. 2017]*

*Insert this page as needed to continue the facts or argument section, or to write an introduction.*

employee. Any reasonable person has grounds to believe that Dr. Wydro, as a licensed psychologist in the State of California, with the authority to suspend the civil rights of vulnerable citizens by initiating an involuntary 5150 Psychiatric hold, was fully aware of the impact of her words.

Plaintiff filed complaint with the State of California, Department of Fair Employment and Housing (DFEH) on or around April 30, 2016. Once the complaint was received, Plaintiff had an intake interview with DFEH employee Dennis Westfall. Plaintiff was asked by the DFEH about any disparate treatment when they noticed that others recieved better or worse treatment.

Plaintiff was informed in January 2017 that DFEH analyst John Sobiski had been assigned their file and would obtain responses from the City of Berkeley. Since Plaintiff did not request an immediate "Right to Sue" letter, their complaint was investigated by the DFEH. In California, employees cannot file a private discrimmination civil suit until they first file "charges" with the EEOC and/or DFEH. The EEOC-DFEH work sharing agreement under which a charge filed with one is deemed filed with another. One complaint generates a charge file number with both agencies.

Defendant's motion to dismiss stated that Plaintiff alleges having hypothyroidism. Plaintiff does not allege, rather Plaintiff confirms that they have been diagnosed since 2011 with the condition. Plaintiff has lab work every 2 to 4 months to monitor their thyroid levels. Plaintiff's medical records and prescription records provide irrefutable proof that they are a thyroid patient who has required daily medication since 2011 to manage physical symptoms.

Defendant's motion to dismiss contains a material error on page 8, first sentence under heading Summary of Plaintiff's Allegations. Defendant's Counsel stated that Plaintiff was unpaid. However, Plaintiff received 3 checks of $750 issued and printed and paid from the City of Berkeley Office of the Comptroller. Payments were issued at $750 at the end of each quarter but 2 of the 3 check payments were late. Per the DFEH in written communication with Plaintiff, these delays are not disputed. Plaintiff cashed checks at Wells Fargo, the City's bank, at a branch in Pleasant Hill. The branch asked Plaintiff to provide a thumb print at the time of transaction as Wells Fargo was not the Plaintiff's bank. Plaintiff would be agreeable to the Court obtaining verification that they received payment from the City of Berkeley by Court order of Wells Fargo to provide proof.

OPPOSITION TO MOTION TO DISMISS
CASE NO.: 17-cv-05766-SK                                    ; PAGE 4 OF 6   *[JDC TEMPLATE – rev. 2017]*

## II. ARGUMENT

*[Explain your response to each of the arguments made in the Motion. Go in the same order as the arguments were made in the Motion, if possible.]*

1. Legal Standard

A motion to dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Fed. R. Civ. P 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the plaintiff's] claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). A court should grant such a motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), on the other legal sufficiency of a complaint." Jones v. HCA, 16 F. Supp. 3d 622, 628 (E.D. Va. 2014). To survive such a motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Jones, 16 F. Supp. 3d at 628 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A court considering either type of motion assumes that the facts alleged in the complaint are true and views the complaint in the light most favorable to the plaintiff. Id.; see also Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (court considering a motion to dismiss "contend[ing] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based" affords the plaintiff "the same procedural protection as [the plaintiff] would receive under a Rule 12(b)(6) consideration").

2. Plaintiff Exhausted Administrative Remedies Beyond the DFEH and EEOC

Plaintiff meets the burden of proof for exhausting available administrative remedies as Plaintiff utilized all available means at the State and Federal level beyond the DFEH and EEOC. Plaintiff is able to submit to the Court as evidence of such by the following: Correspondence from State of California Department of Consumer Affairs (DCA) File BS 2017 411, DOJ File 205-11-0,

County of Alameda District Attorney's Office File#17F0490, State of California, Office of the Attorney General File PIU 711544, State Auditor of California File #W2017-0699, State Bar of California File #17-14718, State of California, Division of Labor Standards Enforcement File 43369-SACRI, U.S. Department of Labor, correspondence with the Office of the Director, Wage and Hour Division, San Francisco. In addition, Plaintiff filed complaints with the State of California Board of Psychology (BOP) who deferred jurisdiction to the State of California Board of Behavioral Sciences (BBS). Plaintiff was informed in writing by Kim Madsen, Executive Officer at the BBS that they do not have the ability to compel a signature in order for Plaintiff's pre-licensure clinical hours to be validated towards licensure. Plaintiff also requested casework assistance from the constituency office of their State Assembly Member who contacted the BOP and BBS regarding the Plaintiff's outstanding pre-licensure hours requiring a signature for validation. Plaintiff was informed by the constituency assistant that the BOP and BBS were unable to help Plaintiff obtain a signature.

3. Work Share Agreement/Memorandum of Understanding (MUA) Between DFEH and EEOC

Per the DFEH and EEOC workshare agreement, in the State of California, complaints and investigations are jointly filed. Only one of the agencies issues the "Right to Sue" letter based on which agency took the lead in the investigation. Plaintiff filed with DFEH first and through the MUA the complaint was jointly filed with the EEOC.

4. Defendant's mention of Plaintiff's DFEH Complaint based on Race/National Origin and Disability Discrimination is irrelevant because this Case is about the ADA. Plaintiff was not a US citizen at the onset of employment with the City of Berkeley but now is a US citizen.

5. In the interests of justice and in light of recent legislation to protect "interns" case must proceed.

*[You must sign and date.]*

Respectfully submitted,

Date: 12/20/2017          Sign Name: [signature]

Print Name: Maria Rheba Estante

OPPOSITION TO MOTION TO DISMISS
CASE NO.: 17-cv-05766-SK    ; PAGE 6 OF 6   *[JDC TEMPLATE – rev. 2017]*